### JOHN HOOKER *vs.* JOSEPH C. PYNCHON & others.

An agreement for the sale of land owned in common, expressed to be executed by all the tenants in common, but in fact executed by and delivered as the deed of some of them only, may be enforced in equity against those, although it provides for the forfeiture of a certain sum as liquidated damages for any breach.

BILL IN EQUITY for the specific performance of articles of agreement expressed to be made between Joseph C. Pynchon, Daniel Pynchon, and William Pynchon, of Springfield, John P. Pynchon, of Cleveland, Ohio, and Thomas W. Bliss and Emily B. Bliss his wife, of Charleston (S. C.), of the first part, and the plaintiff of the second part; and by which " the said parties of the first part," for the consideration of $1650 to be paid to them on or before a day named, covenant that, upon such payment by the party of the second part, " they will make, execute and deliver to him a good and sufficient deed of warranty, free

of all incumbrances," of certain real estate in Springfield ; and it is provided that either party who shall fail to perform their agreements shall forfeit and pay to the other the sum of $350 as liquidated damages.   This agreement was signed and sealed by all the persons named in it, except Bliss and wife.   The four Pynchons were the defendants in this suit.

The bill alleged that the defendants, being seised as tenants in common with Bliss and wife in her right, of the land described, and being desirous of selling and the plaintiff of purchasing the same, the plaintiff executed the agreement, and the defendants also executed it, and one of them, claiming to act as agent of Bliss and wife, and having the care and management of the land, delivered the agreement to the plaintiff as the agreement of the defendants, and at the same time verbally agreed that Bliss and wife would also execute it as soon as they should come into this state, which would be prior to the time fixed for the conveyance.

The bill then alleged that the plaintiff, on or before the day named, tendered to the defendants the sum of $1650 and interest, and demanded from them a deed, according to the terms of the agreement, and also demanded from them a deed of their interest in the premises ; but the defendants refused to execute either, upon payment of the full amount, and wholly refused to execute any deed whatever of the land ; and that the plaintiff had always been, and now was, ready to pay said sum to the defendants whenever they would execute a deed conveying to him said premises.   The defendants demurred generally.

*E. W. Bond,* for the defendants.   This agreement was a joint agreement of these defendants and Bliss and wife, and did not become operative or binding on those who signed it until it was signed by all of them.   *Ward* v. *Wood,* 15 Pick. 511.   *Bean* v *Parker,* 17 Mass. 605.   *Hubbard* v. *Knous,* 3 Gray, 567.   *Howe* v. *Peabody,* 2 Gray, 556.   As they were tenants in common, it would be impossible to make " a good and sufficient deed, free of all incumbrances," unless executed by all ; and it cannot be presumed that it was intended to have any effect until so executed.   *Field* v. *Woodmancy,* 10 Cush. 427.

The court will not order a specific performance, when it would be impossible for the defendants, not owning the whole estate, to comply with the decree.

If the defendants are liable on the agreement, the only remedy of the plaintiff is by action at law for the recovery of the damages therein stipulated.

*F. Chamberlin & C. A. Winchester*, for the plaintiff.

BY THE COURT. The court are of opinion that the demurrer cannot be sustained. The bill alleges that the agreement was made, executed and delivered by four of the parties, and shows good ground to proceed against the four. Whether a contract is to be deemed joint or several must depend in a great degree upon the nature of the subject matter. Therefore, a contract by more than one person to convey, if their estate is joint, must be deemed joint. But if their estates are several, as those of tenants in common are, it must be deemed a contract to convey each his share.

A bond with a penalty may operate as a covenant to convey; and the stipulation for liquidated damages is no bar to a bill in equity for a specific performance. *Dooly* v. *Watson*, 1 Gray, 414.

Probably if the parties who have contracted to convey the land are tenants in common, the agreement may be held to require the payment to each of his share of the money. But this is not the proper stage at which to decide upon the particular form of relief. *Demurrer overruled.*